**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

Plaintiff,

vs. **Case No. 07-40152-01-RDR**

JOSHUA L. NOXON,

Defendant.

**O R D E R**

This order is issued to record the rulings of the court upon the issues which arose during the sentencing hearing conducted on October 27, 2008. Defendant was sentenced pursuant to a jury verdict which found defendant guilty of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

The presentence report sets forth the Sentencing Guidelines calculations in this matter. The total offense level in this case is 39. The criminal history category is I. The Guideline range is 262 to 327 months. There is a statutory maximum of 240 months on the distribution count and 120 months on the possession count.

The government made no objections to the presentence report. Defendant made four objections to the presentence report and asked for a variance from the Guideline range. Both sides have filed sentencing memoranda which the court has carefully considered. In addition, the court heard witness testimony during the sentencing

hearing and considered the exhibits submitted by counsel.

RULINGS UPON DEFENDANT'S OBJECTIONS AND REQUEST FOR VARIANCE

1. Defendant's first objection was that he did not actually traffic in or distribute actual images of child pornography. Defendant asserted that he only forwarded the computer addresses of pornographic "briefcases" and websites maintained by other people.

The court rejected this argument. By forwarding the addresses of websites and facilitating access to "briefcases" containing pornographic material, defendant aided and abetted the distribution of child pornography even if he did not maintain or control those websites and "briefcases." See U.S. v. Hair, 178 Fed.Appx. 879, 2006 WL 1073056 (11th Cir. 2006) (defendant aided and abetted transportation of child pornography by sending undercover agent emails with links to a Yahoo briefcase containing child pornography); U.S. v. Navrestad, 66 M.J. 262 (2008) (overturning a conviction for distribution of child pornography, but not reaching the aiding and abetting argument in Hair because the government did not make that argument to the trier of fact).

This is sufficient to find that defendant distributed child pornography. The Guidelines broadly define "distribution" as "any act . . . related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2, Application Note 1. Defendant's actions fall within that broad definition.

2. Defendant's second objection was that the pictures found

on the CD in his possession do not portray sadistic or masochistic conduct.

The court rejected this contention. There is evidence of pictures exhibiting children in bondage and adult/child intercourse which constitutes the type of pornography which qualifies for an enhanced offense level under U.S.S.G. § 2G2.2(b)(4).

3. Defendant's third objection was that there were fewer than 150 images involved in this matter. The presentence report asserts that there were 300 to 600 images of child pornography.

The court finds after a review of the evidence that there were more than 300 images in the possession of defendant. In the court's opinion, exhibit 11 contains well over 300 images of child pornography in addition to a video clip which is longer than 10 minutes and should count for 75 images or more. U.S.S.G. § 2G2.2, Application Note 4(B)(ii).

Therefore, the court rejected defendant's third objection.

4. Defendant's final objection listed factors which defendant argued provide grounds for a variance below the Guideline range in this case.

First, defendant noted the factors mentioned in the presentence report in paragraph 90: defendant has no criminal history; defendant has had no prior contact with law enforcement; and defendant does not have a history of substance abuse.

Second, defendant noted the following additional factors:

defendant's conduct was "significantly induced" by the undercover agent; defendant took the "remedial step" of joining the Army, completing boot camp, and proceeding to the point where he was scheduled to deploy to Afghanistan when he was formally arrested on federal charges; prior to these charges defendant participated in sexual offender treatment program in Colorado; and the only person defendant distributed an address to was the undercover agent.

Finally, defendant asserted that Congress did not intend for a sentence in this kind of case to exceed the statutory maximum of 20 years for distribution or 10 years for possession, particularly for a first offender with defendant's history, background and characteristics.

The government asserted that the facts of this case do not warrant a sentence outside the Guideline range. The government noted that defendant engaged in online conversations with more than one "underage female". The government further introduced evidence that defendant took advantage of a young woman with whom he chatted over the computer and that he engaged in computer chats in which he encouraged intercourse with minors.

The court considered the written and oral arguments of both sides, the presentence report, the Sentencing Guidelines and the factors mentioned in 18 U.S.C. § 3553. The court decided to make a variance from the Guideline Range in this case for the following reasons.

First, the Guideline range produces a sentence which is greater than necessary to satisfy the purposes of § 3553. In this case, the Guideline range exceeds the statutory maximum for distribution of child pornography. A sentencing system which treats a fairly ordinary child pornography crime for a first offender by issuing a sentence greater than the statutory maximum for the primary offense, deviates from the approach this court and most courts follow for almost any other crime. Several courts have noted that the Guidelines for child pornography cases have diverted from the empirical approach used by the Sentencing Commission for other types of crimes and, therefore, have made a variance from the Guidelines. See, for example, U.S. v. Hanson, 561 F.Supp.2d 1004, 1009-1011 (E.D.Wis. 2008). We agree with this analysis.

We note, for instance, in contrast, that had defendant been found guilty of deliberately assaulting a person with a gun, in violation of 18 U.S.C. § 113(a)(6), and causing a permanent or life-threatening injury, the statutory maximum would be ten years and the Guideline range for a first offender who went to trial would begin at 78 months.

Second, defendant has no criminal history.

Third, since the commission of this crime, defendant has engaged in treatment and may benefit from additional treatment while in prison.

Fourth, defendant has a good record of employment and no

substance abuse history.

Fifth, the court has looked at a large number of other child pornography sentences. It is difficult to find a consistent thread in these cases, and each case has a unique set of facts and circumstances, but most of the cases the court has examined have involved sentences considerably less than 20 years. In addition, the court would note that the Sentencing Commission's 3rd Quarterly Sentencing Update reflects a widespread practice of making a substantial downward variance in pornography cases. U.S. Sentencing Commission Preliminary Quarterly Data Report, 3rd Quarter Release, Table 12 (2008).

The court is also aware of the need to reflect the seriousness of the offense; to promote respect for the law and to provide just punishment. The possession and distribution of child pornography are serious crimes which cause major harm to society. The court must also protect the public from further crimes of the defendant. Although the court is fairly confident that defendant will not reoffend, the court has given consideration to defendant's chat room conversations and other relevant conduct in measuring the threat defendant may pose to the public.

After fully considering all of these matters, the court decided that a sentence of 144 months is the appropriate sentence in this case. Therefore, the court sentenced defendant to a term of 144 months on the distribution charge and 120 months on the

possession charge. Both sentences are to run concurrently. In addition, defendant was sentenced to a 10-year term of supervised release on each count, again to run concurrently.

**IT IS SO ORDERED.**

Dated this 28th day of October, 2008 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge